DOA 1-15-2025

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff.<br><br>v.<br><br>Omar Antonio ARIAS-Hernandez (1),<br>Oscar Martin ROBLES -De La Mora (2),<br>Hector Alexis CARMONA (3),<br><br>Defendants. | Case No.   25MJ8018-LR<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(1)(A)(ii) Transportation of Illegal Aliens (Felony) |
|---|---|

The undersigned complainant being duly sworn states:

## COUNT 1

On or about January 15, 2025, within the Southern District of California, defendant, Omar Antonio ARIAS-Hernandez, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, Jose Gumaro CORONA-Torres, Jesus Hernesto LANCON-Chavarria and Brandon Jael VACA-Gonzalez, had come to, entered or remained in the United States in violation of law, did transport or move, or attempt to transport or move, said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324 (a)(1)(A)(ii).

**COUNT 2**

On or about January 15, 2025, within the Southern District of California, defendants Oscar Martin ROBLES-De La Mora and Hector Alexis CARMONA, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, Jose Gumaro CORONA-Torres, had come to, entered or remained in the United States in violation of law, did transport or move, or attempt to transport or move, said alien within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324 (a)(1)(A)(ii).

And the complainant states this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

*Karla Buenrostro*
KARLA BUENROSTRO
BORDER PATROL AGENT

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 16th day of January 2025.

HON. LUPE RODRIGUEZ JR.
U.S. MAGISTRATE JUDGE

UNITED STATES OF AMERICA
                    v.
Omar Antonio ARIAS-Hernandez (1),
Oscar Martin ROBLES-De La Mora (2),
Hector Alexis CARMONA (3).

## STATEMENT OF FACTS

This Complaint is and Statement of Facts is based upon statements in the investigative report by Border Patrol Agent - Intelligence (BPA-I) L. Heipt that on January 15, 2024, Omar Antonio ARIAS-Hernandez, Hector Alexis CARMONA, and Oscar Martin ROBLES-De La Mora, were arrested near Calexico, California, while transporting three undocumented aliens in violation of Title 8, United States Code, Section 1324.

On January 15, 2025, Border Patrol Agents - Intelligence assigned to the El Centro Sector Intelligence Anti-Smuggling Unit Group #1 and Group #2 (ASU) were conducting surveillance in Calexico, California.

At approximately 2:08 p.m., Border Patrol Agent (BPA) J. Machado, who was operating the Calexico Border Patrol Station Remote Video Surveillance System (RVSS), observed four suspected illegal aliens exit the north bank of the All-American Canal and begin travelling northbound through the agricultural field towards Carr Road.

The four individuals reached Carr Road and concealed themselves in the brush. Agents observed a vehicle, later identified as a Honda Odyssey, travel to Carr Road towards the location of where the four individuals were concealing themselves. The four individuals emerged from hiding, and the Honda approached them, pulled over and came

to a complete stop. All four individuals ran to the Honda and entered the rear seat of the Honda. Once all of them were inside of the Honda, the Honda merged back onto Carr Road and continued travelling westbound.

The Honda travelled from Carr Road to the Cardenas parking lot, located in Imperial Avenue, Calexico, California. Shortly after the Honda parked, a gray Jeep Gladiator (Jeep) bearing California license plates parked directly in front of the Honda. The four individuals exited the back seat of the Honda and one by one walked away from the Honda and entered the Jeep. After the four individuals exited the Honda and entered the Jeep, ASU Agents terminated surveillance on the Honda and initiated mobile surveillance on the Jeep.

The Jeep then exited the Cardenas parking lot and travelled to a residence on Jackrabbit Drive and parked in the driveway. After parking, the driver, later identified as Omar Antonio ARIAS-Hernandez (ARIAS), exited the Jeep and entered the residence. ARIAS then emerged from the residence being followed by a male, later identified as Jose Gumaro CORONA-Torres (CORONA). ARIAS and CORONA entered a white Chevrolet Tahoe (Tahoe) bearing California license plates that was parked in front of the residence then began travelling away from the residence. ASU Agents continued surveillance on the Jeep and residence, while additional ASU Agents initiated mobile surveillance on the Tahoe and watched as it travelled to the Imperial Valley Mall.

At the Imperial Valley Mall, the Tahoe parked in the ARCO Gas Station parking lot, located at Dogwood Road. ARIAS then exited the Tahoe, walked to a black Toyota Corolla (Toyota) bearing California license plates that was in the parking lot, and briefly spoke to

the driver. Afterwards, ARIAS returned to the Tahoe and CORONA exited the Tahoe, walked to the Toyota and entered the back seat of the Corolla.

The Toyota, which was now carrying CORONA, exited the Imperial Valley Mall and travelled northbound on Dogwood Road. Before reaching Aten Road, ASU Agents positioned their unmarked Service vehicles behind the Toyota and activated the emergency lights and sirens of their unmarked Service vehicles in order to conduct a vehicle stop and perform an immigration inspection on all occupants inside of the Toyota.

After the Toyota came to a complete stop, ASU Agents approached the Toyota with Border Patrol markings and insignia fully visible and identified themselves as Border Patrol Agents to the driver, later identified as Oscar Martin ROBLES-De La Mora (ROBLES), the front seat passenger, later identified as Hector Alexis CARMONA (CARMONA), and CORONA.

BPA-I S. Ley questioned ROBLES as to his citizenship. ROBLES stated that he was a United States Citizen. BPA-I J. Bourque questioned CARMONA as to his citizenship. CARMONA stated that he was a United States Citizen. SBPA A. Mills questioned CORONA as to his citizenship. CORONA initially denied being in the United States illegally but retracted his statement and then admitted to being a citizen of Mexico in the United States illegally. CORONA admitted that he made the illegal entry by climbing the border fence in an area other than through a designated Port of Entry. ROBLES and CARMONA were placed under arrest for 8 USC 1324 alien smuggling. CORONA was placed under arrest for 8 USC 1325 Illegal Entry.

5

After approximately 20 minutes, the Tahoe returned to Jackrabbit Drive and again parked in front of the residence on the street. ARIAS exited the Tahoe, walked to the Jeep, opened the door, leaned inside, then shut the Jeep door and walked into the residence. ARIAS continued to walk in and out of the residence while pacing around the Jeep and the front yard. After approximately 30 minutes, ARIAS walked out of the residence with three minor children and placed them inside of the Tahoe. ARIAS then walked back inside of the residence. At this time, ASU Agents approached the residence with Border Patrol markings and insignia fully visible and announced themselves as Border Patrol Agents to ARIAS as he walked out of the residence.

SBPA-I M. Clinton questioned ARIAS as to his citizenship and involvement in alien smuggling. ARIAS stated he was a United States Citizen. ASU Agents observed that the four suspected illegal aliens were still inside of the Jeep. The four individuals, later identified as Jesus Hernesto LANCON-Chavarria (LANCON), Jessica Josselin MENDEZ-Apaseo (MENDEZ-Apaseo), Tiodulo MENDEZ-Rivera (MENDEZ-Rivera), and Brandon Jael VACA-Gonzalez (VACA), were ordered out of the Jeep and questioned as to their citizenship. LANCON, MENDEZ-Apaseo, MENDEZ-Rivera, and VACA all admitted to being a citizens of Mexico in the United States illegally. LANCON, MENDEZ-Apaseo, MENDEZ-Rivera, and VACA admitted that they made the illegal entry by climbing the border fence in an area other than through a designated Port of Entry.

At this time, a female exited the residence. ASU Agents determined that the female was also a United States Citizen and resided at the residence, ASU Agents requested and

were granted permission to enter the residence and search for additional illegal aliens. No additional illegal aliens were found at the residence. ARIAS and the female were placed under arrest for 8 USC 1324 Alien Smuggling. LANCON, MENDEZ-Apaseo, MENDEZ-Rivera, and VACA were placed under arrest for 8 USC 1325 Illegal Entry. All nine individuals were transported to the Calexico Border Patrol Station for further processing.

ROBLES was read his Miranda rights and agreed to make a statement without the presence of an attorney. ROBLES said that he is a Mexico National citizen. ROBLES has a Legal permanent resident card to live and work in the United States legally. ROBLES stated he started today working at Jet Harvesting Company as a tractor driver when his supervisor asked him to pick up another company worker at the AM/PM gas station by the Imperial Valley Mall. ROBLES stated he was traveling with his son in law to pick-up this unknown coworker. ROBLES stated they contacted the unknown male, but he does not remember how he got inside of his car or where he came from. ROBLES stated they were in route to Westmorland to work in the fields since their shift starts at 7:00 p.m. ROBLES stated the Toyota Corolla that he was driving belongs to him.

CARMONA was read his Miranda rights and agreed to make a statement without the presence of an attorney. CARMONA said that he is a United States citizen. CARMONA stated he was going to start work tomorrow at a field harvesting company. CARMONA's supervisor "Vaquero" asked him to pick up another company worker at an AM/PM gas station by the Imperial Valley Mall. CARMONA stated he was traveling with his father-in-law to pick this unknown coworker up. CARMONA stated he asked his

father-in-law for a ride to pick up the co-worker named Jose. CARMONA stated they met with Jose, he got off a white suburban and then got inside of his father in laws car. CARMONA stated he has been arrested for alien smuggling five times when he was a juvenile.

Material witness Jose Gumaro CORONA-Torres stated he was born in Guanajuato, Mexico. CORONA-Torres stated he is a citizen of Mexico. CORONA-Torres stated that he does not have any legal documents allowing him to live, work or remain in the United States legally. CORONA-Torres stated he made arrangements with an unknown smuggler to be smuggled into the United States and that he was to pay $10,000 USD to be illegally smuggled into the United States. CORONA-Torres stated that he illegally entered the United States today by jumping the International Border Fence (IBF) with a ladder near Mexicali.

Material witness Jesus Hernesto LANCON-Chavarria stated that he was born in Mexicali, Baja California, Mexico. LANCON was going to pay a fee of $5,000 to be smuggled to Calexico.

Material witness Brandon Jael VACA-Gonzalez stated he was born in D.F Mexico. VACA stated he is a citizen of Mexico. VACA stated that he does not have any legal documents allowing him to live, work or remain in the United States legally. VACA stated that he was to pay an unknown amount in U.S. Dollars to be illegally smuggled into the United States. VACA stated that he illegally entered the United States today by using a ladder the wall near Mexicali. VACA stated he was going to Los Angeles.

8

The complainant states the names of the Material Witnesses are as follows:

| NAME | PLACE OF BIRTH |
|---|---|
| Jose Gumaro CORONA-Torres | Mexico |
| Jesus Hernesto LANCON-Chavarria | Mexico |
| Brandon Jael VACA-Gonzalez | Mexico |

Further, complainant states that the Material Witnesses are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.